UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT EARL GAGE** | **CIVIL ACTION NO. 12-0008-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Robert Earl Gage ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on January 4, 2012. Petitioner was incarcerated in the Claiborne Parish Detention Center when he filed this petition. Petitioner challenges his state court conviction and sentence. He names the Warden as respondent.

Plaintiff states that in March of 2006, he was convicted of DWI - fourth offense, in Louisiana's First Judicial District Court, Parish of Caddo. He states he was sentenced to 10 years imprisonment at hard labor.

In support of this petition, Petitioner alleges (1) his prior conviction for DWI-second offense was unlawfully induced and not voluntarily entered with understanding of

the nature of the charge and the consequences of the plea, (2) his privilege against self-incrimination was violated during his DWI- second offense conviction, (3) he received ineffective assistance of counsel during his DWI- second offense proceedings and his DWI- fourth offense proceedings, (4) the evidence was insufficient to support his conviction and the amended bill of information was deficient, (5) the trial court failed to suppress the videotape and his counsel was ineffective because he joined in the showing of the videotape to the jury, (6) the jury instructions were incorrect and insufficient and his counsel was ineffective because he failed to object to the jury instructions, (7) the State made highly prejudicial arguments during its rebuttal which were not supported by the evidence and his counsel was ineffective because he failed to object to the arguments, (8) his sentence is illegal, and (9) his counsel was ineffective at all stages of the proceedings.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period

runs from the latest of four possible dates, as follows[1]:

    1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

    2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

    3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

    4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4).  In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted in March of 2006 and subsequently sentenced.  The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on August 29, 2007.  State v. Gage, 42,279 (La. App. 2 Cir. 8/29/07), 965 So.2d 592.  The Supreme

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

Court of Louisiana denied writs of review on February 22, 2008. State v. Gage, 2007-1910, 976 So.2d 1283 (La. 2/22/08). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after February 22, 2008 on May 22, 2008.

The federal petition currently before the court was received and filed in this court on January 14, 2012 and signed by Petitioner on December 30, 2011. Since the federal clock began ticking on May 22, 2008 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before May 22, 2009. This petition was not filed until December of 2011 at the earliest, more than two years too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on May 22, 2008 and continued until he filed his first state post conviction relief application in the trial court on June 13, 2008, encompassing approximately 22 days of the limitation period. From that point, the

limitation period was tolled until February 5, 2009, when the trial court denied relief.[2] Petitioner admits that he did not seek further review of this application for post-conviction relief [Doc. 1, p. 10]. Petitioner then had approximately 343 days, or until January 14, 2010, to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until December 30, 2011 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

In addition, Petitioner fails to demonstrate that the Writ of Habeas Corpus he filed in the trial court served to toll the one-year limitation period. See supra footnote 1. Petitioner was ordered by this court to submit a response setting forth allegations which demonstrate that his petition is timely under the provisions of 28 U.S.C. §2244(d)(1). He was ordered to set forth the date on which each application for post-conviction relief was filed at each level of the state courts [Doc. 33]. Petitioner failed to state the date that he filed the Writ of Habeas Corpus in the trial court or provide this court with a stamp dated copy.[3] Furthermore, the Application for Writ of Certiorari/Mandamus/Prohibition/Vacate was not filed in the Louisiana Second Circuit Court of Appeal until September 15, 2010.

---

[2]This court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief.

[3]The copy of the Writ of Habeas Corpus provided by Petitioner is dated 2009, but the 2009 appears to have been altered and the document was originally dated 2010 [Doc.1, p. 22].

To toll the federal limitation period, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file his application until September 15, 2010, which was after the limitation period had already expired on January 14, 2010.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 26th day of January 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge